**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

ROBERT D. CORWIN,

                Plaintiff,

     v.

BRANDYWINE VALLEY FRIENDS
OF OLD TIME MUSIC, INC.,
SALEM COUNTY COOPERATIVE
FAIR ASS'N, INC., JOHN DOES
1-2 (fictitious names of
unknown defendants) ABC and
XYZ (fictitious names of
unknown companies),

                Defendants.

</td><td>

Civil Action No.
05-4239 (NLH)


**OPINION**

</td></tr>
</table>

**Appearances:**
EUGENE D. MCGURK, JR.
RAYNES, MCCARTY, BINDER, ROSS & MUNDY, ESQS.
116 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
*Attorney for Plaintiff Robert D. Corwin*

SUSANNA J. MORRIS
BUDD LARNER, PC
1939 ROUTE 70 EAST
SUITE 100
CHERRY HILL, NJ 08003
*Attorney for Defendant Brandywine Valley Friends of Old Time Music, Inc.*

ARTHUR E. DONNELLY
DENISE L. WERNER
ROMANDO TUCKER ZIRULNIK & SHERLOCK
MARLTON EXECUTIVE PARK I,, SUITE 120
701 ROUTE 73 SOUTH
MARLTON, NJ 08053
*Attorneys for Defendant Salem County Cooperative Fair Association, Inc.*

**HILLMAN, District Judge**

Before the Court is defendant Salem County Cooperative Fair Association, Inc.'s ("Salem Fair") motion for reconsideration of this Court's Order denying its motion for summary judgment on the ground that Salem Fair was not engaged in charitable works at the time of plaintiff's injury during a bluegrass music festival held at Salem Fair's fairgrounds.  For the reasons stated below, Salem Fair's motion is denied.

### A.  Standard for Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b) Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court in matters "which [it] believes the Court has overlooked" when it ruled on the motion. L.Civ.R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F.Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See

2

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999); see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001)(citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel

and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992) Egloff
v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J.
1988).  Absent unusual circumstances, a court should reject new
evidence which was not presented when the court made the
contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3.
A party seeking to introduce new evidence on reconsideration
bears the burden of first demonstrating that evidence was
unavailable or unknown at the time of the original hearing.  See
Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3
(D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate
arguments which the court has already considered.  See G-69 v.
Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference
of opinion with the court's decision should be dealt with through
the normal appellate process.  Bowers, 130 F.Supp.2d at 612
(citations omitted); Florham Park Chevron, Inc. v. Chevron
U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also
Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318
(D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,
935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...
may not be used to re-litigate old matters, or to raise arguments
or present evidence that could have been raised prior to the
entry of judgment.").  In other words, "[a] motion for
reconsideration should not provide the parties with an

4

opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

**B.   Salem Fair's Motion for Reconsideration**

Salem Fair argues that since all of the revenue generated from renting its fairgrounds furthers its charitable mission, that the renting of the fairgrounds should not deprive Salem Fair of its charitable immunity status.  Salem Fair also argues that plaintiff was a beneficiary of Salem Fair's charitable works by virtue of his attendance at the bluegrass festival.  Salem Fair further argues that in addition to the bluegrass festival, it also rents the fairgrounds for other events such as the South Jersey Tractor Pull, Irish Setter Dog Show, Lenape Indians Pow-Wow, Family Coach Rally, and the Motorcyle Monthly Rally Show.  It maintains that the renting of the fairgrounds to these groups furthers its charitable mission of promoting the "household arts."

The arguments raised by Salem Fair do not demonstrate either (1) "an intervening change in the controlling law" or 2) "the availability of new evidence that was not available when the Court issued its order."  See Max's Seafood, 176 F.3d at 677.  Therefore, Salem Fair relies on the third factor, the need to correct a clear error of law or fact or to prevent manifest injustice, in arguing its motion for reconsideration.  Id.

Salem Fair has not presented any clear error of law or fact

that would require a reversal of this Court's Order denying its motion for summary judgment.  Rather, Salem Fair has simply reargued matters previously raised in its motion for summary judgment which have been addressed by the Court in its Opinion. See Corwin v. Brandywine Valley Friends of Old Time, No. 05-4239, 2007 WL 4557636, at *7 (D.N.J. Dec. 21, 2007).  As such, Salem Fair has not met its burden under the standard for a motion for reconsideration and, therefore, its motion is denied.  An Order consistent with this Opinion will be entered.


                              s/Noel L. Hillman
                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey